# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

11 509
69 613
11 509
15ap563
11h 509
s74a 607
162a 425

JAMES JACKSON, RESPONDENT, *v.* CHARLES JOHNSON, APPELLANT.

*Accounting — partnership — interest on capital of partner — when allowed — Payment on account — to what items it should be applied.*

APPEAL from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought to obtain an accounting and settlement of the affairs of a partnership carried on by the plaintiff and defendant from January, 1866, to March, 1868.

A number of points were raised by the appellant. Those considered in the following extracts, from the opinion delivered at the General Term, are the only ones of general interest.

"It is insisted that the appellant should have been allowed interest on his capital. The referee finds that the compensation agreed upon for the services rendered by the respondent was one-half of the net profits to be made in the business. It is quite apparent from the evidence that, by mutual agreement of the parties, the respondent put his skill and labor in the superintendance of the business, against the appellant's capital. They considered the one equal to the other. There was no agreement that the capital of the appellant should bear interest, and under the circumstances of the case, there would be injustice in allowing it.

There were to be monthly statements and monthly divisions of profits; and for fourteen consecutive months after the business commenced, these statements were made and profits were ascertained, and at the end of each month the defendant paid to the plaintiff his

one-half thereof. The accounts continued to be made up in the same way afterwards, and no claim was ever set up by defendant that he was entitled to any interest on his capital. These acts of the parties were a practical construction of the agreement, that no interest was to be demanded or paid. Besides, where labor and skill, under an agreement of this character, are put in against capital, it is understood by the parties that the one is deemed equal to the other, and, therefore, if interest be computed on cash capital, the same interest should be allowed upon the labor capital, to carry out the idea of equality of value, with which the parties set out in the undertaking. We think the learned referee was right in not allowing the defendant interest on his capital.

" The third point of the appellant is, that the defendant should not be compelled to pay one-half of the Leland indebtedness. It appeared that at the time the business connection of the parties ceased, the Lelands were indebted to defendant in a very considerable sum of money. The defendant continued the business, and the Lelands continued to be his customers for several years thereafter, until they finally went into bankruptcy. During three years prior to 1871 their dealings on credit amounted to over $20,000. When they went into bankruptcy, the result of the continuous course of dealing was an indebtedness of less than $11,000. Exclusive of other cash dealings, they paid to Johnson, after March, 1868, more than twice as much as they owed him at that time. No specific directions were given by them, at the time of making the payments on account, as to the application of the money to any particular indebtedness. It seems to us obvious that the account was a continuous one, and the moneys paid from time to time should have been applied upon the earliest indebtedness. Both at law and in equity, in the absence of any direction by the payor and any actual application by the payee, the payments made will be applied to extinguish the indebtedness of longest standing, but especially will that be the case in equity where a third person is interested in a part of the indebtedness on which such payments are made.

" It was a duty the defendant plainly owed to the plaintiff to receive any moneys from time to time from the Lelands, when no specific direction as to their application was given, and to have applied them upon the indebtedness which accrued while the plain-

tiff was interested in the profits of the business. Equity will do for him what he ought to have done for himself. We think the conclusion of the referee on that subject was entirely harmonious with justice and equity."

*John E. Parsons*, for the appellant. *Elias J. Beach*, for the respondent.

Opinion by Davis, P. J.; Brady and Daniels, JJ., concurred.

Judgment affirmed.